## RICHMAN *v.* THE STATE.

The question was put to a witness before a grand jury; "do you know of any person, other than yourself, being engaged in gaming at any time within two years in the county of Muscatine?" held, that witness could not refuse to answer on the ground, that it would have a tendency to implicate himself.

A witness cannot be justified in refusing to answer questions, which cannot from their nature tend to criminate him; and of such a question he can not be the judge.

Where from the nature of the question, the answer would inevitably criminate the witness, he is sole judge and may answer or refuse to answer the question.

### *Error to Muscatine District Court.*

*Opinion by* KINNEY, J. In this case, the plaintiff was called before the grand jury as a witness, and the following question propounded to him by the foreman: "Do you know of any person, other than yourself, being engaged in gaming at any time within two years, in the county of Muscatine?" Which question the said Richman refused to answer, alleging that to answer it, would have a tendency to implicate himself. Whereupon the said Richman was ordered by the court to answer said question, and refusing to do so, was fined ten dollars for contempt, and a judgment rendered against him for that amount with leave to except to the opinion of the court in requiring him to answer said question, and to the judgment rendered against him, which facts are certified to this court by agreement for a decision.

The witness should have answered this question. An affirmative or negative reply could not in any manner have criminated him. The inquiry does not embrace all the gaming within the knowledge of the witness, but only such gaming as was known to the witness in which he was not a party. If the witness had not been excepted in the interrogatory, there would have been more propriety in his refusing to answer; as he might have been a party himself to all the games within his knowledge in the coun-

ty of Muscatine, within the time specified, and in such case an affirmative answer would have a tendency to implicate him. But clearly as the question was put, he could not claim the benefit of the rule. The rule is, that a witness cannot be compelled to answer any question, the answering of which may expose or tend to expose him to a criminal charge, or to any kind of punishment. 2 Phillips on Ev. 417. But it has been, and still is to some extent a controverted question, whether. the witness or the court is to be the judge as to whether the answer will criminate the witness or not. In the authority above referred to, it is said, "that it is the province of the court to decide whether a proposed question has a tendency to criminate the witness, and it is the duty of the court, while it protects the witness in the due exercise of his privilege, to take care that he does not, under the pretence of defending himself, screen others from justice or withhold evidence which he might safely give. The court should be satisfied that the witness is acting an honest part, and that he may incur danger by answering; when satisfied of this, it will allow the privilege. To force him to reveal particulars, might lead to a prosecution against which he has a right to protect himself." In conformity with this doctrine was the general rule, as laid down in the celebrated case of *United States* v. *Burr*, 1 Rob. 215, in which the court held that it was " the province of the court to judge whether any direct answer to the question proposed, will furnish evidence against the witness." But the chief justice qualifies the *general rule* by saying, that if the answer may disclose a fact which forms a necessary and essential link in the chain of testimony, which would be sufficient to convict the witness of any crime, he is not bound to answer it. "In such case, the witness must himself judge what his answer will be, and if he say on oath, that he cannot answer without accusing himself, he cannot be compelled to answer."

We understand from this and other decisions on this subject, that in relation to the privilege of witnesses, it is

necessary to avoid these two extremes. 1. That of *permitting* the witness to protect himself by his privilege by refusing to answer questions, which cannot from the nature of the answers sought criminate him. 2. That of *compelling* him to answer, when from the nature of the questions, the answer would inevitably criminate him. In the first, the court must be judge and compel the answer. In the second, the witness is sole judge, and may answer or refuse as he sees proper.

When it is evident to the mind of the court, that the answer cannot accuse the witness, the court should require him to respond to the interrogatory. If this were not the case, it would be in the power of the witness, when called upon to give testimony in a criminal case, to refuse to do so. If he is to be sole judge whether the answer would implicate him by thus answering, it would be impossible to elicit any testimony. Perjury could not only be committed with impunity by stating that the answer would criminate him, but the guilty would be screened from merited punishment. We cannot sanction a rule fraught with such dangerous consequences. The direct tendency of such a rule would be to suppress truth and prevent the administration of justice. Therefore, we think the better and safer rule to be, that of compelling the witness to answer when it is apparent to the court, that such answer would not interfere with his legal privilege. In this case, it was evident from the scope of the question, that an answer could not possibly infringe upon this right, and yet the witness makes himself the judge, and refuses the answer.

The position of the witness, furnishes a familiar illustration of the evil consequences which would result from the enforcement of such a rule as he has contended for in the argument, and a most potent reason for the distinction which we have made.

Judgment affirmed.

*J. Scott Richman,* pro se.

*D. C. Cloud,* for the state.